**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALISON D. FOREHAND,
Plaintiff-Appellant,

v.

No. 98-2430

WESTINGHOUSE SAVANNAH RIVER
COMPANY; DAVID SCHULTE,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-97-3268-3-19BC)

Submitted: June 30, 1999

Decided: July 20, 1999

Before WILKINS, HAMILTON, and MOTZ,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

J. Martin Harvey, E. Pete Kulmala, HARVEY & KULMALA, Barn-
well, South Carolina, for Appellant. Laura H. Walter, MCGUIRE,
WOODS, BATTLE & BOOTHE, L.L.P., Atlanta, Georgia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alison Forehand appeals the district court order awarding her former employer and supervisor, Westinghouse Savannah River Company and David Schulte, respectively, summary judgment on her action claiming employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 (1994). The parties moved to submit this case on the briefs, and we have granted that motion. For the reasons set forth below, we vacate the portion of the district court's order awarding summary judgment on Forehand's claims of retaliation.

On March 25, 1996, the Equal Employment Opportunity Commission ("EEOC") received from Forehand 132 pages of documentation supporting her claims of harassment and retaliation. Three weeks later, on April 15, 1996, Forehand called the EEOC to inquire about her complaint. On that same day Forehand contacted the South Carolina Human Affairs Commission ("SCHAC"), and was told to send it a summary of her claims. On April 16, 1996, the SCHAC sent Forehand a letter acknowledging her charge of employment discrimination and advising her to sign, date, and return an enclosed "Charge of Discrimination" drafted from her correspondence. The SCHAC received the form back from Forehand on May 20, 1996.

On June 21, 1996, Forehand signed a voluntary separation agreement prepared by Westinghouse. Under the terms of the agreement, Forehand waived the right to bring a Title VII action against Westinghouse for claims not "asserted in writing and filed with the appropriate agency or court prior to May 6, 1996." (JA 56).

This Court reviews grants of summary judgment de novo. See Evans v. Technologies App. & Serv. Co., 80 F.3d 954, 958 (4th Cir. 1996). Summary judgment is appropriate when there is no genuine

2

issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc).

We find that the documents Forehand submitted to the EEOC on March 25th were sufficient to constitute a valid charge in conjunction with the formal charge she filed on May 20th and the amendment and relation-back provisions of the EEOC regulations. Title 42, United States Code, Section 2000e-5(b) provides that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b) (1994); see also Balazs v. Liebenthal, 32 F.3d 151, 156 (4th Cir. 1994). Regulations promulgated by the EEOC provide that a "charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b) (1997). If a written statement meets this criteria, then any technical defects, "including failure to verify the charge," may be cured through amendments that will relate back to the date upon which the charge was first received. See id.

The documents Forehand submitted to the EEOC on March 25th identified the parties and the actions complained of and thus were sufficient to constitute a charge. Therefore, under § 1601.12(b), the lack of verification was cured by the sworn May 20, 1996, charge that related back to the March 25 date. See Balazs , 32 F.3d at 157-58 (holding charges may be verified so long as charge remains within jurisdiction of EEOC); see also Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 439 n.2 (4th Cir. 1998). Accordingly, we find that the district court erred in employing the May 20th date as the date upon which the charge was filed in finding that under the separation agreement Forehand did not "file with the appropriate agency" prior to May 6th.

The district court correctly found that Forehand's sexual harassment claims were barred by the statue of limitations because she failed to file a charge of discrimination within 300 days of the alleged acts of discrimination. See 42 U.S.C. § 2000e-5(e) (1994); Tinsley, 155 F.3d at 439. In her complaint Forehand alleged that she was the subject of sexual harassment from June 1992 through October 1994.

3

Her charge of discrimination was filed with the EEOC on March 25, 1996. Three-hundred days prior to March 25, 1996, is May 30, 1995. Therefore, Forehand failed to timely file her claims of sex discrimination with the EEOC.

Forehand's claims of retaliation, however, were not barred by the 300 day limitations period. Forehand's complaint asserted that Westinghouse retaliated against her for her participation in an investigation of sexual harassment from March 1994 through the time of her constructive discharge in May 1996. The parties agree that her charge of discrimination was filed in accordance with all pertinent EEOC regulations on May 20, 1996. Thus her claims of retaliation were timely filed.

Accordingly, we vacate the portion of the district court's order awarding summary judgment on Forehand's claims of retaliation based on the waiver in the separation agreement and remand for the district court to proceed in a manner consistent with this opinion.

<u>VACATED AND REMANDED</u>